ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 03 2008

at 2 o'clock and 05 min. PM
SUE BEITIA, CLERK

MARTIN VENTRESS
6124 HWY 6 North, #101
Houston, Texas 77084
Telephone: (323) 842-8629
Plaintiff, PRO SE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MARTIN VENTRESS,<br><br>    Plaintiff,<br><br>vs.<br><br>JAPAN AIRLINES AND JALWAYS CO., LTD.<br><br>    Defendants. | CIVIL NO. 07-00581 SPK-LEK<br><br>PLAINTIFF MARTIN VENTRESS' COUNTER MOTION TO DEFENDANT'S JAPAN AIRLINES AND JALWAYS CO., MOTION FOR JUDGMENT ON THE PLEADINGS **(COMPLETE FEDERAL PREEMPTION)** <u>MOTION IS UNOPPOSED</u>; DECLARATION OF MARTIN VENTRESS; EXHIBITS; CERTIFICATE OF SERVICE<br><br><br>TRIAL DATE: October 15, 2008 |

PLAINTIFF MARTIN VENTRESS' COUNTER MOTION TO DEFENDANT'S JAPAN AIRLINES AND JALWAYS CO., MOTION FOR JUDGMENT ON THE PLEADINGS (COMPLETE FEDERAL PREEMPTION);
**MOTION IS UNOPPOSED**

Defendant's Japan Airlines ("JAL") and JALways Co., Ltd. ("JALways") (collectively, "JAL Defendants") filed a Motion for Judgment on the Pleadings regarding complete federal preemption against Plaintiff Martin Ventress ("Ventress") on October 19, 2007 in CV 03-00451 SPK-LEK ("Motion").

On December 31, 2007, JAL Defendants filed their **REPLY MEMORANDUM** in Support of their Motion for Judgment on the Pleadings.

A Hearing date for the Motion was set for January 11, 2008. This court changed the Hearing for the Motion, to March 14, 2008. Ventress' counter motion comes as a result of, and in opposition to JAL Defendants request that their Motion be Granted without the need or requirement of a court appearance and oral arguments, because their Motion is Unopposed. (LR7.2, 7.4, 7.9)

JAL Defendants are advised that the Trial Date is October 15, 2007, **not** June 24, 2007.

### I.  **MOTION IS OPPOSED**

The Real Issue regarding the notion that the Motion is Unopposed is fiction. Whether JAL Defendants move for Partial Summary Judgment, Summary Judgment (complete federal preemption), or attempts to hide behind its Corporate Structure;

**The Real Issue**, undeniable and irrevocable documented facts that JAL Defendants indeed controlled the "manner and means" of every aspect of Ventress' employment; thus, Ventress' employer, <u>or in the alternative</u>, a joint-employer with Hawaii Aviation Contract Services, Inc. ("HACS").

JAL Defendants move for Summary Judgment, because their Motion is Unopposed, is an attempt to eclipse Ventures' <u>Memorandum in Opposition to Motion by JAL Defendants</u> (12/19/07), and disassociate their embarrassing involvement in the Jeff Bicknell tragedy that they brought upon themselves, realizing that going to trial would reveal what they fear most… **The Truth**.

JAL Defendants "piggy-backed" on the HACS contract with Ventress, to have this case transferred from California to a more favorable jurisdiction in the USDC of Hawaii. Had JAL Defendants honestly believed in the Japan FCN Treaty (now complete federal preemption) there would not have been any need for change of venue in the first place; now move for another dismissal.

This case has been in the USDC of Hawaii for almost four (4) years. JAL Defendants have threatened Ventress with countersuit claims; made false claims that Ventress never flew a JAL flight; failed in their attempt to hide behind the FCN Treaty; wasted time with a Writ of Certiorari, severed their relationship in *Schoggen v. HACS*, and then abruptly changed their position to assist and support HACS against *Ventress v. HACS* Arbitration, all in an attempt to protect JAL Defendants from liability for their legal transgressions.

David Simmons, a prominent and well-respected Hawaii Attorney, said it best in his request for Final Award in the Schoggen Case:

> *"Only after that Award is issued, **will HACS and JAL stop playing games**, and instead work together to get Mr. Schoggen back in the cockpit. **JAL and HACS work together everyday**.*
>
> *<u>HACS pilots wear JAL uniforms and have JAL-issued IDs</u>; **they fly JAL airplanes on JAL flights**. Once the final award is issued, if it is going to cost the same amount to either pay Mr. Schoggen his wages as a pilot or instead pay him front pay as damages, they will work together to get him back to work. <u>Until that award issued,</u> **they will do nothing**.*
>
> *As an alternative to an award of periodic future payments, a lump sum front pay could be made. It is apparent that **HACS and JAL do not want to have to "eat crow"** <u>by putting Mr. Schoggen back to work</u>".*

Ventress, though not an attorney, certainly agrees with Mr. Simmons on the grounds that he understands JAL Defendants better than their legal counsel, having lived and worked with them for nearly 10-years. JAL Defendants will not cooperate directly within the U.S. Legal System, so they continue to play games. Why else would JAL Defendants need HACS?

JAL Defendants defiantly refused to put Mr. Schoggen back to work regardless of the fact that Honorable Judge E. John McConnell (ret.) ruled in favor of Schoggen, who was to be reinstated as a JALways pilot. Thus, JAL Defendants have put Mr. Schoggen in the position that he will file a lawsuit against them, to seek full redress and to be made whole.

## II. JAL DEFENDANTS SNUB *HACS vs. SCHOGGEN*; SUPPORT *HACS vs. VENTRESS*

Captain Schoggen was terminated for what JAL Medical Department mistakenly determined was a failed health issue, which proved to be fiction.

JAL Defendants refused to assist HACS in its fruitless attempt to justify the termination of Schoggen. (*See letter from Pepper to Osaki – 2/1/07*)

In *Ventress v. HACS* arbitration, the Arbitrator made his final ruling on **November 16, 2007**. By Arbitration Rules, Parties were to submit Final Arguments 30-days prior to that Arbitrator's Ruling. Nonetheless, HACS' counsel Carl Osaki submitted a Supplemental to Final Written Argument on **November 15, 2007**, a violation of arbitration rules. Notwithstanding, this time, unlike with Schoggen, JAL Defendants, in an attempt to assist HACS to defeat Ventress, agreed to work with HACS. (*See HACS Supplemental*)

JAL Defendants move for Partial Summary Judgment on the basis that JAL has no legal relationship with JALways is fiction.

JAL Defendants move for Summary Judgment on the grounds that an Employer/employee relationship never existed between JAL Defendants and Ventress is absurd. Therefore, **JAL Defendants Motion is not Unopposed.**

### III.   CONCLUSION

Ventress opposes JAL Defendants move for Partial Summary Judgment, Summary Judgment (complete federal preemption) and their attempt to hide behind a Corporate Veil that an Employer/Employee Relationship did not exist with him.

This court is asked to look at all the documented facts that Ventress provided as evidence that JAL Defendants indeed controlled the "manner and means" of every aspect of Ventress' employment. And based on the preponderance of documents and Federal Employment Discrimination Laws, not JAL Defendants political influence in Hawaii, to determine that Ventress actually worked for JAL Defendants, or in the alternative, a joint-employer with HACS; and therefore, deny their request for a dismissal based on their Motion for Judgment on the Pleadings regarding complete federal preemption.

DATED: DECEMBER 31, 2007

SIGNED: _____
MARTIN VENTRESS