IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

MARTIN VENTRESS, ET AL.,      )      CIVIL NO. 07-00581 SPK-LEK
                              )
          Plaintiffs,         )
                              )
     vs.                      )
                              )
JAPAN AIRLINES, ET AL.,       )
                              )
          Defendants.         )
_____)


**ORDER DENYING PLAINTIFF'S MOTION TO APPEAL FRAUDULENT ARBITRATION AND REQUEST FOR A NEW ARBITRATION; ON THE GROUNDS OF RACIAL DISCRIMINATION FINDING AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART HACS'S MOTION TO CONFIRM ARBITRATION AWARD AND TO ENTER JUDGMENT UPON THE CONFIRMATION ORDER**

Before the Court is pro se Plaintiff Martin Ventress' ("Plaintiff") Motion to Appeal Fraudulent Arbitration and Request for a New Arbitration; on the Grounds of Racial Discrimination ("Motion to Vacate"),[1] filed on December 7, 2007, and Defendant Hawai`i Aviation Contract Services' ("HACS") Motion to Confirm Arbitration Award and to Enter Judgment upon the Confirmation Order ("Motion to Confirm"), filed December 5, 2007.  These matters came on for hearing on January 17, 2008.  Plaintiff appeared via telephone and Carl Osaki, Esq., appeared on behalf

_____

[1] The Court construe's Plaintiff's appeal as a motion to vacate the arbitration award.

of HACS.   After careful consideration of the Motion, supporting and opposing memoranda, and the arguments presented at the hearing, the Court HEREBY DENIES the Motion to Vacate and HEREBY FINDS AND RECOMMENDS that the Motion to Confirm be GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

### BACKGROUND

Plaintiff originally filed the instant employment discrimination action against Defendants Japan Airlines and Jalways (collectively "Japan Defendants") and HACS in the United States District Court for the Central District of California. The complaint alleged a claim under the California whistle blower statute, wrongful termination in violation of the public policy protecting whistle blowers, and emotional distress.   The case was transferred to the District of Hawai`i on August 20, 2003.   In October 2004, the district judge granted judgment on the pleadings in favor of the Japan Defendants.   The district judge severed Plaintiff's claims against the Japan Defendants from his claims against HACS and final judgment was entered on October 25, 2004 in favor of the Japan Defendants.[2]

The case between Plaintiff and HACS was stayed to allow the parties to arbitrate Plaintiff's claims against HACS.   The

_____

[2] On appeal, the Ninth Circuit reversed the district judge's ruling that the Friendship, Commerce, and Navigation Treaty, United States - Japan, April 2, 1953, 4 U.S.T. 2063, preempted Plaintiff's claims under California's whistle blower protection laws and remanded the case for further proceedings.

2

district court retained jurisdiction to entertain post-arbitration motions.

Plaintiff and HACS participated in an arbitration hearing before the International Centre for Dispute Resolution ("ICDR") on August 6, 2007.  Plaintiff was represented by William Sink, Esq., who has since withdrawn.  Plaintiff is now proceeding pro se.  On November 20, 2007, Retired Judge Boyd Mossman ("the Arbitrator") issued his Award of Arbitrator ("the Award"), concluding that Plaintiff failed to establish that he was wrongfully terminated on the basis of his race or in retaliation for whistle blowing.  [Exh. A to Motion to Confirm.] The Award denied all the relief Plaintiff sought and ordered him to pay HACS $1,589.52 pursuant to the Arbitrator's prior order and to reimburse HACS $1,600.00, representing Plaintiff's share of the arbitration expenses, subject to verification that HACS paid the expenses in full.

## I.   **Motion to Vacate**

Plaintiff alleges that the Arbitrator had a conflict of interest, could not be impartial and independent, and failed to perform his duties.  Plaintiff complains that the Arbitrator demonstrated prejudice against him because of his race and because Plaintiff previously filed a motion to disqualify the Arbitrator.  Plaintiff argues that the Arbitrator ruled against him, regardless of evidence supporting his claim.

Specifically, Plaintiff alleges that the Arbitrator has a conflict of interest because he is a Trustee for the Office of Hawaiian Affairs, which he alleges perpetuates an ideology of "racial nationalism". [Motion to Vacate at 6.]  Plaintiff also claims that the Arbitrator has a conflict of interest because both he and Alexander Bell, the sole owner of HACS, are alumni of the Kamehameha Schools.  Plaintiff alleges that they "share a bond of camaraderie." [Id. at 7.]  Plaintiff also argues that Kamehameha Schools' admission policy giving preference to students of Hawaiian ancestry is "racially exclusionary." [Id.] Plaintiff argues that the Arbitrator violated Employment Arbitration Rule of Disclosure R-15 by failing to disclose this conflict of interest to the parties.  Finally, Plaintiff points out that the Arbitrator is a stake president in the Church of Jesus Christ of Latter Day Saints.  Plaintiff argues that the Mormon Church "has a long-standing reputation of racial discrimination toward blacks in America." [Id. at 8.]  Plaintiff apparently claims that, because of these associations, the Arbitrator discriminated against him because he is African American, is not from Hawai`i and is not of native Hawaiian ancestry.

Plaintiff argues that the Arbitrator should have recused himself and that this Court should remove him from the case immediately.  He asks the Court to appoint a new arbitrator

4

and order a new arbitration.

In his declaration in support of the Motion to Vacate, Plaintiff sets forth examples of the Arbitrator's actions which allegedly show prejudice against him.  Plaintiff argues that the Arbitrator, in concert with HACS's counsel, denied him his right to be represented at the arbitration by a non-attorney. Plaintiff argues that Rule 19 of the American Arbitration Association ("AAA") Employment Rules allows him to be represented by a non-attorney.  According to Plaintiff, the Arbitrator erroneously relied on Haw. Rev. Stat. § 658A-16 in ruling that Plaintiff could only be represented by an attorney.  Plaintiff also claims that, although the Arbitrator forced Plaintiff to comply with the applicable rules, the Arbitrator allowed HACS's counsel to serve incorrect and procedurally improper subpoenas. He also claims that the Arbitrator should not have allowed HACS's counsel to subpoena Plaintiff's medical records because HACS is required by law to maintain such records for a specified period of time after a pilot's termination.  Plaintiff asserts that the Arbitrator rescheduled a hearing to accommodate HACS's counsel, who had misread his schedule, without considering the financial penalties Plaintiff would suffer if he changed his airline tickets and hotel reservations.  Finally, Plaintiff complains that the Arbitrator delayed signing his subpoenas, which caused one witness to be unavailable.

HACS filed its memorandum in opposition to the Motion to Vacate on December 28, 2007.  First, HACS argues that the Motion to Vacate does not raise any proper or relevant ground to appeal the Award.  Even if the Court considers Plaintiff's arguments, they are utterly meritless.  HACS notes that this is at least Plaintiff's fifth attempt to challenge the Arbitrator's integrity.

Plaintiff previously raised unsubstantiated allegations that the Japan Defendants were part of a Japanese conspiracy against him.  Plaintiff now alleges, again without any supporting evidence, that the Arbitrator and native Hawaiians are prejudiced against him.  HACS provided a declaration from Alexander Bell stating that he and the Arbitrator graduated from Kamehameha Schools more than a decade apart and that they did not know each other prior to the arbitration.

HACS argues that, under either Haw. Rev. Stat. § 658A-23 or 9 U.S.C. § 10, there must be evidence of an arbitrator's corruption to vacate an award, and Plaintiff has not presented any evidence that the Arbitrator harbors prejudice against African Americans in general or against Plaintiff in particular. HACS urges the Court to deny the Motion to Vacate and grant the Motion to Confirm.

Finally, HACS asks the Court to: 1) find that Motion to Vacate is frivolous and not reasonably supported by the facts and

6

the law; and 2) award HACS its reasonable attorney's fees and costs incurred in opposing Motion to Vacate.  <u>See</u> Haw. Rev. Stat. § 607-14.5.  HACS argues that Plaintiff brought his motion despite having notice that it lacked any factual basis.  Further, Plaintiff has ignored the Ninth Circuit's award of costs to HACS as well as the Arbitrator's orders on arbitration expenses.

Plaintiff filed his reply on January 7, 2008.  He apparently argues that, in general, people in Hawai`i look at African Americans "in a biased fashion."  [Reply to Motion to Vacate at 2.]  This, and the Arbitrator's Mormon religion, allegedly helped shape the Arbitrator's views of African Americans.  In addition, Plaintiff argues that HACS did not address his claims that: the Arbitrator and HACS's counsel, acting in concert, denied him his right to be represented by a non-attorney at the arbitration; the Arbitrator condoned the service of improper subpoenas by HACS's counsel; the Arbitrator failed to disclose a conflict of interest; and the Arbitrator accepted HACS's Supplement to Final Written Argument one day before issuing his decision, even though arbitration rules require the submission of final arguments thirty days prior to the final ruling.

## II.  <u>Motion to Confirm</u>

In the Motion to Confirm, HACS states that it has paid the arbitration expenses in full, triggering Plaintiff's

reimbursement obligation.  HACS now seeks an order confirming the Award pursuant to Haw. Rev. Stat. §§ 658A-22 and 658A-25 and the entry of judgment pursuant to the confirmation order.  HACS also seeks its reasonable attorney's fees and costs associated with its motion pursuant to § 658A-25.  HACS asked Plaintiff if he would stipulate to the confirmation of the Award, without prejudice to an appeal to the Ninth Circuit, but Plaintiff did not respond.

On December 28, 2007, HACS filed a supplemental memorandum in support of the Motion to Confirm, requesting that the confirmation order and judgment be certified as final pursuant to Federal Rule of Civil Procedure 54(b).  HACS argues that the judgment should be certified as final because the confirmation order will terminate all disputes between Plaintiff and HACS.  Further, there is no just reason to delay the entry of final judgment because the district judge previously severed Plaintiff's claims against HACS from his claims against the Japan Defendants.  There is no reason for HACS to remain in the case because the resolution of Plaintiff's claims against the Japan Defendants will have no impact on the arbitration.

Plaintiff did not file a memorandum in opposition to Motion to Confirm.[3]

_____

[3] In his reply for Motion to Vacate, he states that he did not file a memorandum in opposition to Motion to Confirm because
(continued...)

HACS filed a reply on January 3, 2008, noting that, apart from the arguments raised in Motion to Vacate, Plaintiff has not opposed Motion to Confirm.  HACS urges the Court to grant the HACS Motion because the arguments in Motion to Vacate are meritless.

**DISCUSSION**

I.   **Hawai`i Arbitration Law**

The contract between Plaintiff and HACS contained a choice of law provision selecting Hawai`i law.  HACS moves for an order confirming the Award pursuant to Haw. Rev. Stat. § 658A-22, which states:

> After a party to an arbitration proceeding
> receives notice of an award, the party may make a
> motion to the court for an order confirming the
> award at which time the court shall issue a
> confirming order unless the award is modified or
> corrected pursuant to section 658A-20 or 658A-24
> or is vacated pursuant to section 658A-23.

Haw. Rev. Stat. § 658A-23 states, in pertinent part:

> (a) Upon motion to the court by a party to an
> arbitration proceeding, the court shall vacate an
> award made in the arbitration proceeding if:
>     (1) The award was procured by
>   corruption, fraud, or other undue means;
>     (2) There was:
>         (A) Evident partiality by an
>       arbitrator appointed as a neutral
>       arbitrator;
>             (B) Corruption by an arbitrator; or
>             (C) Misconduct by an arbitrator

---

[3](...continued)
Motion to Vacate "Speaks for Itself".  [Reply to Motion to Vacate at 1.]

> prejudicing the rights of a party to the
> arbitration proceeding[.]

Hawai`i courts look to federal law to determine what constitutes

"evident partiality" because the counterpart provision of the

Federal Arbitration Act ("FAA") is very similar.  See Daiichi

Hawai`i Real Estate Corp. v. Lichter, 103 Hawai`i 325, 339, 82

P.3d 411, 425 (2003).

> "'[E]vident partiality' is present when
> undisclosed facts show 'a reasonable impression of
> partiality.'"  Schmitz v. Zilveti, 20 F.3d 1043,
> 1046 (9th Cir. 1994) (citations omitted).  "The
> burden of proving facts which would establish a
> reasonable impression of partiality rests squarely
> on the party challenging the award."  Sheet Metal
> Workers Int'l Ass'n Local Union # 420 v. Kinney
> Air Conditioning Co., 756 F.2d 742, 745 (9th Cir.
> 1985).

Id.

Plaintiff argues that this Court should vacate the

Award because the Arbitrator acted with evident partiality

because of: 1) the Arbitrator's association with the Office of

Hawaiian Affairs, the Church of Jesus Christ of Latter Day

Saints, and the Kamehameha Schools; and 2) Plaintiff's prior

attempts to disqualify the Arbitrator.  Plaintiff, however, has

offered only bald allegations of partiality without any, much

less persuasive, evidence to support these claims.  These

relationships do not constitute conflicts of interest which

should have been disclosed to the parties.  Further, motions to

disqualify may be filed in any matter, but the mere filing and

subsequent denial of such motions cannot be grounds for vacating arbitration awards.  Otherwise, these motions could be routinely filed by parties seeking an escape clause in the event of an adverse decision.  The law clearly requires Plaintiff to make more of a showing to vacate an arbitration award.  The Court therefore finds that Plaintiff has not carried his burden of proof as to the existence of evident partiality on the part of the Arbitrator.

Plaintiff also complains that the Arbitrator allowed HACS to serve procedurally improper subpoenas.  On May 25, 2007, Plaintiff filed a motion to quash the subpoenas based on the same arguments he raises in the Motion to Vacate.  On July 3, 2007, this Court denied Plaintiff's motion to quash on the ground that such discovery issues were within the Arbitrator's purview.  At the hearing on the Motion to Vacate, HACS represented that Plaintiff filed a similar motion to quash before the Arbitrator. Thus, Plaintiff's argument is essentially that this Court should vacate the Award because the Arbitrator erred in denying Plaintiff's motion to quash.  Even assuming, *arguendo*, that the Arbitrator should have quashed HACS's subpoenas, an erroneous interpretation of the law is not enough to vacate an arbitration award.  See Tatibouet v. Ellsworth, 99 Hawai`i 226, 236, 54 P.3d 397, 407 (2002) ("it is evident, from this court's decisions and those of other jurisdictions, that vacatur is not a proper remedy

11

for arbitrator's imperfect understanding of law"). In <u>Tatibouet</u>, the Hawai`i Supreme Court recognized that the limit on judicial review of arbitration awards does not apply "where the parties provide proof that the arbitrators intentionally and plainly disregarded a choice-of-law selection." <u>Id.</u> at 240, 54 P.3d at 411. The Hawai`i Supreme Court has cited <u>Tatibouet</u> as authority for reviewing arbitration decisions for "intentional and manifest 'disregard' of the law[.]" <u>Gray Quarter Horse, LLC v. Watson</u>, No. 24603, 2005 WL 2404075, at *2 (Hawai`i Sept. 30, 2005) (citing <u>Tatibouet v. Ellsworth</u>, 99 Hawai`i 226, 239, 54 P.3d 397, 410 (2002)). In the present case, however, Plaintiff has not established that the arbitrator's denial of his motion to quash was an intentional and plain disregard of the law.

Plaintiff further argues that the Award was procured by fraud and undue means because HACS submitted a supplement to its final written argument one day before the Arbitrator issued the Award. HACS acknowledges that it submitted supplemental arguments beyond the deadline. The AAA, however, informed HACS that it would not forward the supplemental argument to the Arbitrator because it was untimely. There is no indication in the Award that the Arbitrator received or considered HACS's supplemental argument. This Court therefore finds that Plaintiff has not carried his burden of proof as to his claim that the Award was procured by fraud or undue means.

12

Finally, Plaintiff complains that the Arbitrator denied him his right to be represented by a non-attorney at the arbitration.  Plaintiff argues that Rule 19 of the AAA Employment Rules allows parties to be represented by non-attorneys in an arbitration.  He argues that the Arbitrator erroneously relied on Haw. Rev. Stat. § 658A-16 in ruling that Plaintiff could only be represented by an attorney.  Even assuming, *arguendo*, that the Arbitrator's ruling was erroneous, Plaintiff has failed to establish that the Arbitrator intentionally and plainly disregarded the law.  The denial of Plaintiff's choice of representation does not warrant vacatur of the Award.

This Court therefore finds that Plaintiff has failed to establish grounds to vacate the Award under Hawai`i law.

## II.  Federal Arbitration Law

For the sake of completeness, the Court will also address whether there are grounds to vacate the Award under federal law.  The FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

13

9 U.S.C. § 3.

Plaintiff filed suit in federal court and the district judge stayed Plaintiff's claims against HACS to allow them to arbitrate those claims pursuant to their contract.  Thus, but for the choice of law provision, this Court would apply the FAA. Under the FAA,

> [i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.

Section 10(a) provides, in pertinent part:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
>     (1) where the award was procured by corruption, fraud, or undue means;
>     (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>     (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced[.]

9 U.S.C. § 10(a).  In addition, a party may seek vacatur of an arbitration award

> only if it was a manifest disregard of the law, First Options of Chi., Inc. v. Kaplan, 514 U.S.

14

938, 942, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)
(citing <u>Wilko v. Swan</u>, 346 U.S. 427, 436-37, 74
S.Ct. 182, 98 L.Ed. 168 (1953)), an implausible
interpretation of the contract, <u>Employers Ins. of
Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh</u>,
933 F.2d 1481 (9th Cir.1991), . . . or the
arbitrator exceeded his powers, <u>First Options</u>, 514
U.S. at 942, 115 S.Ct. 1920.

<u>Theis Research, Inc. v. Brown & Bain</u>, 400 F.3d 659, 666 (9th Cir. 2005).  In light of the similarities between the Hawai`i statutes and the FAA, this Court's analysis of Plaintiff's arguments would be the same under the FAA.

Plaintiff's Motion to Vacate is therefore DENIED. Insofar as there is no pending motion to modify or correct the Award, this Court FINDS that the Award should be confirmed.  <u>See</u> Haw. Rev. Stat. § 658A-22.

## III. <u>Attorney's Fees and Costs</u>

Pursuant to § 658A-25, HACS seeks an award of its attorney's fees and costs incurred in bringing the Motion to Confirm and opposing the Motion to Vacate.

Haw. Rev. Stat. § 658A-25 provides, in pertinent part:

(a) Upon granting an order confirming,
vacating without directing a rehearing, modifying,
or correcting an award, the court shall enter a
judgment in conformity therewith. . . .
(b) A court may allow reasonable costs of the
motion and subsequent judicial proceedings.
(c) On application of a prevailing party to a
contested judicial proceeding under section
658A-22, 658A-23, or 658A-24, the court may add
reasonable attorney's fees and other reasonable
expenses of litigation incurred in a judicial
proceeding after the award is made to a judgment
confirming, vacating without directing a

rehearing, modifying, or correcting an award. This Court has discretion to award attorney's fees and costs incurred in connection with the instant motions.  <u>See</u> Unif. Arbitration Act § 25, cmt. 5 ("A court has discretion to award fees under Section 25(c).  Courts acting under similar language in fee-shifting statutes have not been reluctant to exercise their discretion to take equitable considerations into account.").[4]  In light of the fact that Plaintiff is an individual proceeding pro se and the Arbitrator has already ordered Plaintiff to pay a portion of the arbitration costs, the Court finds that an award of attorney's fees and costs is not appropriate.  This Court therefore RECOMMENDS that the district judge DENY HACS's request for § 658A-25 attorney's fees and costs.

In its memorandum in opposition to the Motion to Vacate, HACS asks the Court to find that the motion is frivolous and to award HACS its attorney's fees and costs incurred in opposing the motion pursuant to Haw. Rev. Stat. § 607-14.5. Section 607-14.5 provides, in pertinent part:

> (a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is

---

[4] In 2001, the legislature repealed Haw. Rev. Stat. chapter 658, <u>see</u> 2001 Haw. Sess. L. Act 265, §§ 5 and 8 at 820, and enacted the Uniform Arbitration Act, as codified in Haw. Rev. Stat. chapter 658A.  <u>See</u> 2001 Haw. Sess. L. Act 265, § 1 at 810-19.

> subsequently decided, the court may, as it deems
> just, assess against either party, whether or not
> the party was a prevailing party, and enter as
> part of its order, for which execution may issue,
> a reasonable sum for attorneys' fees and costs, in
> an amount to be determined by the court upon a
> specific finding that all or a portion of the
> party's claim or defense was frivolous as provided
> in subsection (b).
>
> (b) In determining the award of attorneys'
> fees and costs and the amounts to be awarded, the
> court must find in writing that all or a portion
> of the claims or defenses made by the party are
> frivolous and are not reasonably supported by the
> facts and the law in the civil action. . . .

A claim is frivolous if it is "'so manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the court was not required.'"  Holi v. AIG Hawai`i Ins. Co., Inc., 113 Hawai`i 196, 207, 150 P.3d 845, 856 (App. 2007) (quoting Coll v. McCarthy, 72 Haw. 20, 29, 804 P.2d 881, 887 (1991)).  Admittedly, Plaintiff's arguments regarding the Arbitrator are attenuated almost to the point of being far-fetched, and Plaintiff has previously raised these arguments and has been unsuccessful each time.  However, in light of Plaintiff's pro se status, this Court cannot find that his arguments are "so manifestly and palpably without merit, so as to indicate bad faith" on his part.  This Court therefore DENIES HACS's request for attorney's fees and costs pursuant to § 607-14.5

## III. **Rule 54(b) Certification**

Finally, HACS argues that the judgment entered pursuant

17

to the confirmation order should be certified as final pursuant
to Federal Rule of Civil Procedure 54(b), which provides, in
pertinent part:

> When an action presents more than one claim for
> relief . . . or when multiple parties are
> involved, the court may direct entry of a final
> judgment as to one or more, but fewer than all,
> claims or parties only if the court expressly
> determines that there is no just reason for delay.

Confirmation of the Award will dispose of all of Plaintiff's
claims against HACS and Plaintiff's claims against the Japan
Defendants were previously severed from his claims against HACS.
This Court therefore FINDS that there is no just reason to delay
the entry of final judgment in favor of HACS and against
Plaintiff and RECOMMENDS that the district judge GRANT HACS's
request to certify final judgment pursuant to Rule 54(b).

## ORDER

On the basis of the foregoing, Plaintiff's Motion to
Appeal Fraudulent Arbitration and Request for a New Arbitration;
on the Grounds of Racial Discrimination, filed on December 7,
2007, is HEREBY DENIED.  The Court also DENIES HACS's request for
attorney's pursuant to Haw. Rev. Stat. § 607-14.5.

IT IS SO ORDERED.

## RECOMMENDATION

On the basis of the foregoing, this Court FINDS AND
RECOMMENDS that HACS's Motion to Confirm Arbitration Award and to
Enter Judgment upon the Confirmation Order, filed December 5,

2007, be GRANTED IN PART AND DENIED IN PART.  The Court recommends that the district judge:

1) enter an order confirming the Award of Arbitrator, dated November 20, 2007;

2) direct the entry of judgment in favor of HACS and against Plaintiff in the amount of $3,189.52, pursuant to the Award;

3) deny HACS's request for attorney's fees and costs pursuant to Haw. Rev. Stat. § 658A-25;

4) certify final judgment in favor of HACS and against Plaintiff pursuant to Federal Rule of Civil Procedure 54(b).

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, January 29, 2008.



_/S/ Leslie E. Kobayashi_
Leslie E. Kobayashi
United States Magistrate Judge

**MARTIN VENTRESS, ET AL. V. JAPAN AIRLINES, ET AL; CIVIL NO. 07-00581 SPK-LEK; ORDER DENYING PLAINTIFF'S MOTION TO APPEAL FRAUDULENT ARBITRATION AND REQUEST FOR A NEW ARBITRATION; ON THE GROUNDS OF RACIAL DISCRIMINATION FINDING AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART HACS'S MOTION TO CONFIRM ARBITRATION AWARD AND TO ENTER JUDGMENT UPON THE CONFIRMATION ORDER**