```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

MARTIN VENTRESS, ET AL.,       )   CIVIL NO. 07-00581 SPK-LEK
                               )
          Plaintiffs,          )
                               )
     vs.                       )
                               )
JAPAN AIRLINES, ET AL.,        )
                               )
          Defendants.          )
_____)
```

**ORDER DENYING DEFENDANT HAWAII AVIATION CONTRACT SERVICES, INC.'S MOTION FOR RELIEF AND SANCTIONS REGARDING VIOLATION OF CONFIDENTIALITY PROVISIONS <u>AND UNAUTHORIZED DISCLOSURE MADE BY PLAINTIFF MARTIN VENTRESS</u>**

Before the Court is Defendant Hawaii Aviation Contract Services, Inc.'s ("HACS") Motion for Relief and Sanctions Regarding Violation of Confidentiality Provisions and Unauthorized Disclosure Made by Plaintiff Martin Ventress ("Sanctions Motion"), filed February 11, 2008.  Defendants Japan Airlines and Jalways Co., Ltd. (collectively "JAL Defendants") filed a joinder in the Sanctions Motion on February 12, 2008.  Plaintiff Martin Ventress ("Plaintiff") filed his memorandum in opposition on February 25, 2008 and HACS filed its reply on February 28, 2008.  The JAL Defendants filed a joinder in HACS's reply on February 29, 2008.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After careful consideration of the Sanctions Motion, supporting and opposing

memoranda, and the relevant legal authority, HACS's Sanctions Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case.  The Court will only discuss the events which are relevant to the instant Sanctions Motion.

On January 22, 2008, Plaintiff filed a motion for change of venue ("Venue Motion").  The JAL Defendants filed their memorandum in opposition to the Venue Motion on January 28, 2008.  Plaintiff filed a reply memorandum in support of the Venue Motion on February 6, 2008 ("Venue Reply").  Exhibit K of the Venue Reply is the Agreement Between Japan Air Charter Co., Ltd. (JAZ) and Hawaii Aviation Contract Services, Inc. (HACS) for HACS's Crewmembers on Assignment to JAZ Effective August 01, 1998 - July 31, 2003 ("JAZ/HACS Agreement").  Plaintiff included a cover sheet which states:

> FILED UNDER SEAL PURSUANT TO
>
> PROTECTIVE ORDER GOVERNING
>
> CONFIDENTIALITY OF PRODUCED
>
> DOCUMENTS FILED
>
> OCTOBER 17, 2004[1]

---

[1] The Court notes that the Protective Order Governing Confidentiality of Produced Documents was filed on **September** 17,
(continued...)

[Exh. K to Venue Motion.]  Exhibit K, however, was not filed under seal.

On February 8, 2008, HACS's counsel sent Plaintiff an email pointing out that the JAZ/HACS Agreement was confidential and that "[i]t should not have been submitted to court without adequate safeguards to insure that it would not find its way into the public record."  HACS's counsel demanded that Plaintiff "immediately take steps to attempt to mitigate the damage that you have done to HACS."  [Exh. A to Mem. in Opp. to Sanctions Motion.]  There is no indication in the record that Plaintiff acted on HACS's demand.

In the instant Sanctions Motion, HACS argues that Plaintiff was clearly aware that the JAZ/HACS Agreement was subject to a confidentiality order and that it should not be disclosed to the public.  HACS contends that Plaintiff has been served with confidential material in this case and he knows the procedure required to maintain confidentiality.  Plaintiff, however, did not take any steps to protect the confidential nature of the JAZ/HACS Agreement.  HACS argues that, as a party to the agreement, it is a beneficiary of the confidentiality order.  HACS therefore moves for the immediate expungement of Exhibit K from the public record and the imposition of sanctions

---

[1](...continued)
2004.

against Plaintiff for the unauthorized disclosure of the JAZ/HACS Agreement.

In his memorandum in opposition to the Sanctions Motion, Plaintiff states that, on or about December 21, 2007, he received a courtesy call from the Clerk's Office regarding an oversight in his December 20, 2007 memorandum in opposition to the JAL Defendants' motion for judgment on the pleadings. According to Plaintiff he sent a letter dated December 26, 2007 to the Clerk's Office to resolve the issue. [Exh. B to Mem. in Opp. to Sanctions Motion.] It states, in pertinent part:

> Regarding the Original Memorandum in Opposition (Exhibits) that was filed December 20, 2007, please find the enclosed exhibits:
>
> (1) A copy of the JALways-HACS Contract;
> . . . .
>
> It seems that there are several versions of the JALways-HACS contract. Therefore, I have secured a copy that was in effect from August 1, 1998 - July 31, 2003.

[Id. (emphasis in original)] According to Plaintiff, he attempted to file the JAZ/HACS Agreement with his memorandum in opposition to the motion for judgment on the pleadings. The Clerk's Office called him again on or about December 27, 2007 to explain why certain documents, including the JAZ/HACS Agreement, were being returned to him. The clerk informed him that he could resubmit the JAZ/HACS Agreement, but that he had to include a cover sheet stating that the document was confidential.

Plaintiff followed this procedure when submitting the JAZ/HACS Agreement as Exhibit K to the Venue Reply.  Plaintiff argues that, if this process was incorrect, HACS should make its complaints known to the Clerk's Office.

Finally, Plaintiff argues that sanctions are not appropriate because HACS has a history of frivolous and abusive behavior against him.

In its reply, HACS notes that Plaintiff did not attach the JAZ/HACS Agreement to his memorandum in opposition to the motion for judgment on the pleadings.  Exhibit 6 to that document[2] does have a cover sheet which states:

> JALWAYS-HACS CONTRACT WAS "UNDER SEAL"
> PLAINTIFF VENTRESS BELIEVES HIS FORMER ATTORNEY
> WILLIAM SINK HAS A COPY OF THE CONTRACT
>
> CONTRACTS

[Exh. B to Sanctions Motion Reply.]  Although the Clerk's Office returned the JAZ/HACS Agreement to Plaintiff with instructions regarding its submission, Plaintiff never re-submitted the JAZ/HACS Agreement in support of his opposition to  the motion for judgment on the pleadings.  HACS argues that this demonstrates that Plaintiff knew the JAZ/HACS Agreement was confidential and that he had to apprise the Clerk's Office of its confidentiality if he attached it to one of his filings.  HACS

---

[2] HACS attached Exhibit 6 to Plaintiff's memorandum in opposition to the JAL Defendants' motion for judgment on the pleadings as Exhibit B to the Sanctions Motion.

argues that the mere attachment of a cover sheet noting the confidentiality of Exhibit K was not sufficient because it was part of a 105-page filing.  Plaintiff's prior discussions with the Clerk's Office apparently addressed the JAZ/HACS Agreement as a stand alone document.  HACS therefore argues that the manner in which Plaintiff filed Exhibit K was "reckless at best." [Sanctions Motion Reply at 4.]

HACS also asserts that Plaintiff's failure to take action after HACS's counsel asked him to rectify the situation warrants sanctions.  HACS emphasizes that Plaintiff has not acknowledged his error and merely blames the Clerk's Office. HACS asks the Court to sanction Plaintiff by requiring him to pay all of the attorney's fees and costs associated with expunging Exhibit K from the public record.  Finally, HACS asks the Court to order Plaintiff to explain under oath how he obtained the JAZ/HACS Agreement.

## **DISCUSSION**

The Protective Order Governing Confidentiality of Produced Documents, filed September 17, 2004 ("2004 Protective Order"), stated that all documents which the JAL Defendants produced in response to Plaintiff's First Request for the Production of Documents, as well as all information or material derived therefrom was considered "Designated Material".  The JAL Defendants could identify Designated Material as confidential.

[2004 Protective Order at ¶¶ 1, 5.]  The 2004 Protective Order also stated:

> If Plaintiff Ventress' legal counsel wishes or intends to attach, enclose, or quote any Designated Material in any pleading, paper, affidavit, declaration or any other tangible and/or electronic document to be lodged and/or filed with the Court, Ventress' Counsel shall inform the JAL Defendants' counsel, in writing, and specify with maximum detail and particularity the document(s) and or portion(s) thereof (with reference to the "Bates" control number for each such document) that counsel so wishes or intends to lodge and/or file with the Court.
> Thereafter, the JAL Defendants' counsel shall have seven court days to either (a) indicate that the JAL Defendants have no objection to the unsealed lodging and/or filing of the Designated Material at issue or (b) indicate that the JAL Defendants do object to the unsealed lodging and/or filing of the Designated Material at issue. Said indications by the JAL Defendants' counsel shall be made in writing to Plaintiff Ventress' counsel with a copy to the presiding Magistrate-Judge and/or presiding District Judge.
> If the JAL Defendants shall object to the unsealed lodging or filing of any Designated Material, the JAL Defendants shall have fourteen court days from receipt of the notice that Plaintiff Ventress wishes or intends to lodge or file such material with the Court to file a Motion with the Court requesting that all or part of such Designated Materials be filed under seal.  Should the JAL Defendants' counsel file such a Motion seeking the filing of Designated Material under seal, Plaintiff Ventress shall not lodge or file such Designated Material with the Court until after the Court has adjudicated the Motion requesting sealing of the Designated Material.

[2004 Protective Order at ¶ 7.a.]

The Protective Order Governing Confidentiality of Produced Documents, filed November 26, 2007 ("2007 Protective

7

Order"), provides that all documents that the JAL Defendants produce in this case, and all information and material derived therefrom, is "Designated Material" and the JAL Defendants can identify Designated Material as confidential.  [2007 Protective Order at ¶¶ 1, 5.]  The provision regarding the use of Designated Material in court papers is substantively identical to the provision in the 2004 Protective Order.  [Id. at ¶ 7.a.]

It is undisputed that Plaintiff knew the JAZ/HACS Agreement was confidential.  Pursuant to both the 2004 Protective Order and the 2007 Protective Order, Plaintiff should have given the JAL Defendants notice of his intent to attach the JAZ/HACS Agreement to his Venue Reply before filing it in open court. This Court has warned Plaintiff on numerous occasions that, although he is proceeding pro se, he must still comply with the procedural and substantive rules of court, as well as all court orders.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  The Court now specifically cautions Plaintiff that he must comply with the terms of the all protective orders issued in this case, including the requirements for attaching confidential Designated Material to court filings, and that his failure do so may result in sanctions.  See Fed. R. Civ. P. 26(f)(1)(C) (stating that the court may issue sanctions if a party fails to obey a pretrial order).

That being said, on this occasion, in light of Plaintiff's pro se status, the Court construes Plaintiff's filing of Exhibit K to the Venue Reply as his notice of intent to attach confidential Designated Material to a court filing.  The Court construes HACS's Sanctions Motion, which the JAL Defendants joined, as a motion to seal Exhibit K.

Federal Rule of Civil Procedure 26(c)(1) states that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Thus, this Court has previously ruled that there was good cause to issue protective orders allowing the parties to identify confidential Designated Material and requiring various protections for such material.  Where a party wishes to attach a confidential document to a court filing in support of a non-dispositive motion, however, a blanket protective order is not sufficient basis to seal the confidential document.  The party seeking to seal the document must make "a particularized showing, under the good cause standard of Rule 26(c) . . . to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions."  Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations and quotation marks omitted).  "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result

if no protective order is granted." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (citations omitted).

Neither HACS nor the JAL Defendants have alleged specific prejudice or harm which will result unless Exhibit K is sealed. HACS merely states that the JAL Defendants have "taken great pains to insure that public disclosure of confidential material does not occur." [Mem. in Supp. of Sanctions Motion at 2.] The Court therefore finds that HACS has failed to establish good cause to seal Exhibit K.

## CONCLUSION

On the basis of the foregoing, HACS's Motion for Relief and Sanctions Regarding Violation of Confidentiality Provisions and Unauthorized Disclosure Made by Plaintiff Martin Ventress, filed February 11, 2008, is HEREBY DENIED. In the event that HACS or any other party seeks to seal Exhibit K, it should file the appropriate motion and provide specific information which it purports establishes good cause. If HACS's submission will contain confidential or proprietary information which it seeks to file under seal, HACS must first obtain leave of court to do so. HACS, nor any other party, should not file any pleading or exhibit under seal without first obtaining leave of court.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 21, 2008.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MARTIN VENTRESS V. JAPAN AIRLINES, ET AL**; CV 07-00581 SPK-LEK; **ORDER DENYING DEFENDANT HAWAII AVIATION CONTRACT SERVICES, INC.'S MOTION FOR RELIEF AND SANCTIONS REGARDING VIOLATION OF CONFIDENTIALITY PROVISIONS AND UNAUTHORIZED DISCLOSURE MADE BY PLAINTIFF MARTIN VENTRESS**