IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARTIN VENTRESS, | ) | Civ. No. 07-00581 SPK-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAPAN AIRLINES, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING JAL DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS, AND DENYING OTHER PENDING MOTIONS AS MOOT

The JAL Defendants (Japan Airlines, and Jalways Co., Ltd.) have moved for judgment on the pleadings based upon complete federal preemption.[1] The parties are familiar with the lengthy procedural history of this case; the Court need not repeat the details here. Under Local Rule 7.2(d), the Court has found the matter suitable for decision without oral argument.

---

[1] Three other substantive motions are also pending, arguing, among other things, that as a matter of law Plaintiff was employed by co-Defendant Hawaii Aviation Contract Services (HACS), not the JAL Defendants. Additionally, an arbitrator has decided in favor of HACS. That arbitration decision was confirmed (and HACS was previously severed as a Defendant), and a Rule 54(b) partial judgment was entered. The HACS matter is now on appeal. Indeed, one of the other pending motions seeks preclusive effect of the arbitration on the issues in this case. Those other substantive motions are deemed moot.

This case was remanded from the Ninth Circuit last year.  See Ventress v. Japan Airlines, 486 F.3d 1111 (9th Cir. 2007).  Only Counts I and II remain.  (Count III concerns Jack Crawford, who is the plaintiff in the related action, Crawford v. Japan Airlines, Civ. No. 03-00451 SPK-LEK, which has been severed from this case.)  Count I is a California whistleblower protection act claim (Cal. Labor Code § 1102.5(b)), and Count II is a state-law claim for wrongful termination in violation of public policy.

The Federal Airline Deregulation Act of 1978 (FADA)[2] did more than just loosen federal and state economic regulation of the airline industry.  It included a broad and express preemption clause "[t]o ensure that the States would not undo federal deregulation with regulation of their own[.]"  Morales v. Trans World Airlines, Inc., 504 U.S. 374, 378 (1992).  The clause currently provides:  "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a . . . service of an air carrier[.]"  49 U.S.C. § 41713(b)(1).[3]

---

[2] To avoid confusing the Airline Deregulation Act with the Americans With Disabilities Act (both of which are often referred to as "ADA"), the Court here refers to the Airline Deregulation Act as "FADA."  See Williams v. United Airlines, Inc., 500 F.3d 1019 (9th Cir. 2007).

[3] Before recodification, the clause provided, in pertinent part:

(continued...)

FADA preemption is broad. See, e.g., Air Transport Ass'n of America v. Cuomo, ___ F.3d ___, 2008 WL 763163, at *3 (2d Cir. Mar. 25, 2008) ("Recognizing this goal, the Supreme Court has repeatedly emphasized the breadth of the [FADA's] preemption provision.") (citations omitted). The Ninth Circuit has adopted a narrower view of a "service" in the preemption clause than other circuits. Compare Charas, 160 F.3d at 1261, 1265-66 (indicating that a "service" for preemption purposes does not include an airline's provision of in-flight beverages, personal assistance to passengers, handling luggage, and similar amenities), with, e.g., Cuomo, 2008 WL 763163, at *4 (indicating "service" refers to provision of labor from the airline to its passengers, including boarding procedures, baggage handling and incidental food and drink matters) (citing cases).

---

³(...continued)
 [N]o State . . . shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier[.]"

49 App. U.S.C. § 1305(a)(1) (1978). That section was recodified in 1994 as the current 49 U.S.C. § 41713(b)(1). See Charas v. Trans World Airlines, Inc., 160 F.3d 1259, 1263 n.2 (9th Cir. 1999) (en banc). Although the language is different, Congress intended no substantive changes in the 1994 recodification. See H. Conf. Rep. No. 103-677, at 83 (1994), as reprinted in 1994 U.S.C.C.A.N. 1676, 1755 ("we are intending no substantive change to the previously enacted preemption provision in Section 105 of the Federal Aviation Act and do not intend to impair the applicability of prior judicial case law interpreting these provisions[.]").

Regardless, however, the scope of such preemption is broad.  See, e.g., Rowe v. New Hampshire Motor Transp. Assn., 128 S. Ct. 989, 998 (2008) ("The breadth of . . . [49 U.S.C. § 41713(b)(4)(A) -- read in pari materia with section 41713(b)(1)], coupled with our decisions closely in point, Morales v. Trans World Airlines, Inc., 504 U.S. 374 (1992) and American Airlines, Inc. v. Wolens, 513 U.S. 219 (1995), impel that conclusion [that key portions of Maine law are incompatible with federal law].").

In 1994, this Court found that FADA preempted a state-law whistleblower protection act claim.  See Marlow v. AMR Services Corp., 870 F. Supp. 295, 297 (D. Haw. 1994) (King, J.).  In Marlow, this Court determined that operating a jet-bridge was an air-carrier "service" and a state whistleblower protection act claim was "connected with or referred to" such a "service."  Under FADA, the state claim was preempted.  Id.  If the Court follows Marlow here, it would grant the JAL Defendants' Motion for Judgment on the Pleadings.  That is, under Marlow, Plaintiff's California Whistleblower Protection Act claim is preempted.

Some courts have not followed Marlow because, at the time, there was no federal remedy for a retaliatory discharge based upon whistleblowing conduct regarding certain airline safety matters.  See, e.g., Espinosa v. Continental Airlines, 80 F. Supp. 2d 297, 302 (D. N.J. 2000).  See also Anderson v. Evergreen Int'l

4

Airlines, Inc., 886 P.2d 1068 (Or. App. 1994).

Congress, however, subsequently provided such a federal whistleblowing remedy. In 2000, as part of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, Congress enacted the Whistleblower Protection Program (WPP), codified at 49 U.S.C. § 42121. Section 42121 provides a comprehensive scheme to protect employees of air carriers from discrimination (retaliation) for "whistleblowing" about air safety information. See 49 U.S.C. § 42121(a) (prohibiting discharge or other discrimination against an employee who provides information relating to any federal law relating to air safety). The WPP provides similar, if not the same, relief that Plaintiff here seeks under the California whistleblower protection act. See 49 U.S.C. § 42121(3)(B).

The addition of such a federal remedy in the WPP reduces the force of criticism of Marlow. See Botz v. Omni Air Int'l, 286 F.3d 488, 497-98 & n.9 (8th Cir. 2002) ("these cases [criticizing Marlow] . . . rel[y] on the fact – a fact that is no longer true – that the [FADA] provided no claim or remedy for air-carrier employees discharged in retaliation for their whistleblowing conduct. Such employees now enjoy the protection under the WPP."). That is, especially after the WPP, it makes sense for the Court to be consistent and follow its prior decision in Marlow.

"Congress established a carefully-tailored administrative scheme in the WPP and provided exclusive judicial review in the Secretary [of Labor's] order in the courts of appeal." Williams, 500 F.3d at 1024 (citing 49 U.S.C. § 42121(b)(4)).  It "also expressly granted federal district courts original jurisdiction over suits brought to enforce [such] final orders." Id. (citing section 42121(b)(5)).  There are "explicit provisions of . . . elaborate enforcement mechanisms." Id.  There is, therefore, no private cause of action (as opposed to an action to enforce an order of the Secretary of Labor) in federal district courts under the WPP.  See Williams, 500 F.3d at 1021-22.

Congress intended that whistleblowing claims in air carrier safety matters be investigated and reviewed by the federal Department of Labor (or the Federal Aviation Administration).  The WPP is comprehensive.  It is explicit.  Review of the Secretary of Labor's decision is exclusive in courts of appeals.  Such a view is consistent with the idea that aviation safety is an exclusive federal matter.  See Montalvo v. Spirit Airlines, 508 F.3d 464, 471 (9th Cir. 2007) ("The purpose, history, and language of the FAA leads us to conclude that Congress intended to have a single, uniform system for regulating aviation safety."); id. at 474 ("The FAA, together with federal air safety regulations, establish complete and thorough safety standards for interstate and international air transportation that are not

subject to supplementation by, or variation among, states.").

The Ninth Circuit has not decided whether state-law whistleblowing claims are preempted by FADA, whether considering the WPP by itself or as part of FADA or the Federal Aviation Act as a whole.[4] This Court is persuaded by the Eighth Circuit's view in Botz, which is consistent with this Court's pre-WPP decision in Marlow. The Court agrees with the following reasoning from the Eighth Circuit:

> The WPP provides a reporting and complaint procedure and a remedy for claims like [Plaintiff's] that are based on an air-carrier employee's attempts to redress a possible air-safety violation. While the plain language of the [FADA's] pre-emption provision encompasses [Plaintiff's] claims, the WPP makes it unmistakable that such claims are pre-empted and dispels whatever doubt might possibly linger after a plain-language analysis of the ADA's pre-emption provision.

Botz, 286 F.3d at 498. See also Regner v. Northwest Airlines, Inc., 652 N.W.2d 557 (Minn. App. 2002) and Galati v. America West Airlines, Inc., 69 P.3d 1011 (Ariz. App. 2003) (following Botz); but see Gary v. The Air Group, Inc., 397 F.3d

---

[4] Aloha IslandAir, Inc. v. Tseu, 128 F.3d 1301 (9th Cir. 1997) is not to the contrary. Aloha IslandAir determined that Hawaii's disability discrimination law was not preempted by FADA. Id. at 1304. It did not, however, decide whether a state-law whistleblower protection act claim is preempted by FADA; indeed it expressly refused to decide that question. See id. at 1302 ("Islandair maintains that laws affecting the safety of aircraft operations are preempted because they relate to 'services' provided by air carriers. We need not decide that unsettled question of law[.]") (noting a split of authority) (emphasis in original).

183, 190 (3d Cir. 2005) (rejecting Botz and, instead, following Branche v. Airtran Airways, Inc., 342 F.3d 1248 (11th Cir. 2003)).

In short, under Marlow and Botz, Plaintiff's state-law whistleblowing claim is preempted.  It follows that Plaintiff's public policy claim is similarly preempted.  A common-law public policy claim -- even if based in part on the policy expressed in the WPP -- for the same relief as accorded in the WPP would be preempted.

Accordingly, the JAL Defendants' Motion for Judgment on the Pleadings is GRANTED.  The other pending motions for summary judgment on the merits are DENIED as MOOT.  Judgment shall issue in favor of the JAL Defendants.[5]

IT IS SO ORDERED.

DATED:  April 22, 2008.



_____
Samuel P. King
Senior United States District Judge

---

[5] As stated earlier, a Rule 54(b) partial judgment has already issued in favor of co-Defendant Hawaii Aviation Contract Services, Inc.

8