IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN VENTRESS, | ) Civil No. 07-00581 SOM/LEK |
| | ) |
| Plaintiff, | ) ORDER GRANTING IN PART AND |
| | ) DENYING IN PART PLAINTIFF'S |
| vs. | ) MOTION FOR CLARIFICATION |
| | ) |
| JAPAN AIRLINES; JALWAYS CO., | ) |
| LTD.; and HAWAII AVIATION | ) |
| CONTRACT SERVICES, INC, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR CLARIFICATION

Before the court is pro se Plaintiff Martin Ventress's Motion for Clarification.  Ventress seeks clarification from the court regarding: (1) the status of the stay that has been issued in this case; (2) his proposed "production" of the "'Agreement Between Japan Air Charter' ('JALways') and HACS"; and (3) his status given a letter sent to Ventress by counsel for Defendant Hawaii Aviation Contract Services ("HACS") accusing Ventress of being a vexatious litigant.  Mot. at 1-3.  The court addresses these issues seriatim.[1]

On August 31, 2010, Magistrate Judge Leslie E. Kobayashi denied Ventress's motion to unseal records on the ground that no records have been sealed in this case.  See Order

---

[1]This matter is suitable for disposition without a hearing. See Local Rule LR7.2(d).

Denying Martin Ventress' Mot. to Unseal U.S. Dist. Ct. Records, Filed Mar. 19, 2010 ("Order Denying Motion to Unseal"), ECF No. 151.  Ventress requests clarification of language contained in the Order Denying Motion to Unseal regarding the stay in place in this case.  The court clarifies that the Order Denying Motion to Unseal does not alter the rulings previously issued by Judge Samuel P. King regarding the stay in this case.  See Order Regarding Suggestion of Bankruptcy, May 13, 2010, ECF No. 128; Order Partially Lifting Stay as to Def. Jalways Co., Ltd., July 6, 2010 ("Order Partially Lifting Stay"), ECF No. 141.  Judge King lifted the stay as to proceedings against Defendant Jalways Co., Ltd., only.  Order Partially Lifting Stay at 1.  Thus, "[t]he stay remains as to Defendant Japan Airlines."  Id. at 1-2.

     Ventress next argues that he should be allowed to "produce" the "'Agreement Between Japan Air Charter' ('JALways') and HACS" (the "Agreement"), which he represents was produced by a plaintiff in another case.[2]  Mot. at 2.  Contrary to Ventress's apparent belief, see id., the court has never disallowed his use of any document in this case.  The court does, however, require Ventress to follow the protective orders in place.  See Protective Order Governing Confidentiality of Produced Docs.

---

    [2]Based on Ventress's repeated references to prior briefing and orders regarding Ventress's use of confidential material in his briefs, the court interprets Ventress's motion as seeking to use the Agreement in his filings and in trial, rather seeking guidance as to document production in the context of discovery.

2

("Protective Order"), Nov. 26, 2007, ECF No. 3; see also Protective Order Governing Confidentiality of Produced Docs., Sept. 17, 2004. If the document in question is covered by the Protective Order, Ventress is bound to follow the provisions in the Protective Order regarding use of such material in his court papers. See 2007 Protective Order ¶¶ 1 ("Designated Material"), 7 ("Designations in Court Papers"). If the document is not covered by the Protective Order, then the Protective Order does not apply to Ventress's use of the material in this action.

If he desires further guidance on the operation of the Protective Order, Ventress may review orders previously issued in this case on this topic, particularly: (1) the Order Denying Defendant Hawaii Aviation Contract Services, Inc.'s Motion for Relief and Sanctions Regarding Violation of Confidentiality Provisions and Unauthorized Disclosure Made by Plaintiff Martin Ventress, ECF No. 94; and (2) the Order Denying Plaintiff Martin Ventress' Motion to Unseal United States District Court Records, Filed March 19, 2010, ECF No. 151.

Finally, Ventress has attached a letter from counsel for HACS, Carl Osaki, in which Osaki suggests that Ventress is a vexatious litigant under Hawaii Revised Statutes § 634J-1. Ventress requests the court's "opinion" on "HACS accusation of Plaintiff defined as a 'vexatious litigant.'" Ventress is attempting to litigate an issue that is not properly before this

court. No Defendant has brought a motion seeking to have Ventress declared a vexatious litigant. The court therefore has no occasion to consider the question at this time. The court declines Ventress's request that it parse language in a letter between parties or opine on opposing counsel's characterization of Ventress.

      Accordingly, the court partially GRANTS Ventress's motion for clarification, as set forth above. Except as clarified above, the motion is DENIED.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, September 28, 2010.



      /s/ Susan Oki Mollway
      Susan Oki Mollway
      Chief United States District Judge

Ventress v. Japan Airlines; Civil No. 07-00581 SOM/LEK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CLARIFICATION