**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN VENTRESS,<br>*Plaintiff-Appellant*, | No. 12-15066 |
| | D.C. No.<br>1:07-cv-00581-<br>LEK-RLP |
| v. | |
| JAPAN AIRLINES; JALWAYS CO.,<br>LTD.; HAWAII AVIATION CONTRACT<br>SERVICES, INC.,<br>*Defendants-Appellees*. | OPINION |

Appeal from the United States District Court
for the District of Hawai'i
Leslie E. Kobayashi, District Judge, Presiding

Submitted February 20, 2014[*]
Honolulu, Hawai'i

Filed March 28, 2014

Before: Michael Daly Hawkins, M. Margaret McKeown,
and Carlos T. Bea, Circuit Judges.

Opinion by Judge McKeown;
Concurrence by Judge Bea

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Preemption / Federal Aviation Act

The panel affirmed the district court's judgment in favor of Japan Airlines based on the Federal Aviation Act's preemption of the pro se plaintiff's state claims.

Plaintiff, a former flight engineer, alleged that Japan Airlines retaliated against him for reporting safety concerns and constructively terminated him for reasons related to his medical and mental fitness.

The panel held that plaintiff's California state law claims were preempted by the Federal Aviation Act because they required the factfinder to intrude upon the federally occupied field of aviation safety by deciding questions of pilot medical standards and qualifications. The panel also held that the district court did not abuse its discretion in denying plaintiff's motion for reconsideration.

Judge Bea concurred in part because he believes that plaintiff only appealed the district court's decision denying his motion for reconsideration, and therefore he only joined that part of the majority's opinion. Judge Bea does not believe that the court needed to address the district court's conclusion concerning federal preemption.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Martin Ventress, pro se, Costa Mesa, California, for Plaintiff-Appellant.

Steven M. Egesdal and William M. Harstad, Carlsmith Ball LLP, Honolulu, Hawaiʻi, for Defendants-Appellees.

## OPINION

McKEOWN, Circuit Judge:

This aviation case is making its third trip to our court on yet another preemption challenge, namely whether the Federal Aviation Act of 1958 (the "FAA"), 49 U.S.C. § 40103 *et seq.*, preempts pro se plaintiff Martin Ventress's California statutory and common law retaliation and constructive termination claims (the "state law claims").[1] Ventress, a former flight engineer, alleges Japan Airlines and Jalways Co., Ltd. (collectively "JAL")[2] retaliated against him for reporting safety concerns and constructively terminated him for reasons related to his medical and mental fitness.

In the first round of proceedings in this court, we held that his state law claims are not preempted by the Friendship, Commerce, and Navigation ("FCN") Treaty. *Ventress v.*

---

[1] In his complaint, Ventress raised additional causes of action, which have since been dismissed and are not relevant to this appeal.

[2] Ventress also named Hawaii Aviation Contract Services, Inc. ("HACS") as a defendant in this action. However, having concluded arbitration with Ventress, HACS is no longer a party to this appeal.

*Japan Airlines* (*Ventress I*), 486 F.3d 1111 (9th Cir. 2007). In the second round, we held that the claims are not preempted by the Airline Deregulation Act of 1978 ("ADA"). *Ventress v. Japan Airlines* (*Ventress II*), 603 F.3d 676 (9th Cir. 2010). In *Ventress II*, we noted that the parties had not addressed whether Ventress's claims are preempted by the FAA, *id.* at 681, 683, which is now the issue before us in this third appeal. Mindful that the FAA does not preempt all state law tort actions touching air travel, *Martin v. Midwest Express Holdings, Inc.*, 555 F.3d 806, 809 (9th Cir. 2009), we conclude that Ventress's state law claims are preempted because they require the factfinder to intrude upon the federally occupied field of aviation safety by deciding questions of pilot medical standards and qualifications. We affirm the judgment of the district court.

## BACKGROUND

The detailed procedural and factual background of this decade-long case is amply set forth in *Ventress I*, *Ventress II*, and the district court's October 31, 2011 order granting JAL's motion for judgment on the pleadings. We therefore discuss only the background necessary to address FAA preemption, the sole issue in this appeal.

Ventress claims JAL retaliated against him for raising safety concerns regarding fellow pilot Captain Jeff Bicknell's medical fitness to operate an aircraft during a June 2001 flight. Specifically, Ventress alleges JAL subjected him to unnecessary psychiatric evaluations and prevented him from working because he raised those safety concerns and submitted two safety reports to several federal agencies. Ventress maintains that JAL's conduct constitutes unlawful retaliation in violation of California's whistleblower statute,

Cal. Lab. Code § 1102.5(b), and resulted in his constructive termination in violation of "the public policies expressed in *Government Code* Section 12940(k), *Labor Code* Section 1102.5, 49 U.S.C. Section 40101(d)(1)–(2), and 49 U.S.C. Section 42121."

On remand after *Ventress II*, the district court held that the FAA preempts Ventress's state law claims because ruling on the claims would necessarily "require the finder of fact to consider whether or not Ventress was medically fit to carry out his duties as a flight engineer." "Determining whether Ventress was medically qualified to work as a flight engineer," the district court reasoned, "would intrude in the area of airmen medical standards, which Congress intended to occupy exclusively." The district court granted JAL's motion for judgment on the pleadings on preemption grounds.

Ventress filed a motion for reconsideration. In that motion, Ventress argued for the first time that the FAA does not preempt his claims because the incidents giving rise to his state law claims did not occur in the United States or its airspace, and because the FAA does not apply to foreign air carriers like JAL. The district court rejected Ventress's newly raised arguments on the merits, finding that he failed to allege JAL's retaliatory conduct occurred in international airspace and that the FAA applies to foreign air carriers. This appeal followed.[3]

---

[3] We deny Ventress's motion to supplement the record on appeal and reject JAL's request that we impose sanctions on Ventress for filing that motion. We likewise deny JAL's request that we reject Ventress's entire opening brief due to procedural deficiencies.

## ANALYSIS

## I.  FAA Preemption[4]

Because the FAA does not expressly preempt state regulation of air safety or prohibit states from imposing tort liability for unlawful retaliation or constructive termination, FAA "preemption, if any, must be implied."  *See Montalvo v. Spirit Airlines*, 508 F.3d 464, 470 (9th Cir. 2007).  Implied preemption comes in two forms: conflict preemption and field preemption.  *Id.*  Conflict preemption applies "where compliance with both federal and state regulations is a physical impossibility," and in "those instances where the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Arizona v. United States*, 132 S. Ct. 2492, 2501 (2012) (internal quotation marks omitted).  Field

---

[4] The concurrence maintains that we need not address Ventress's general preemption claim because his notice of appeal was limited to the order denying his more limited motion for reconsideration.  We disagree. Where, as here, "a party seeks to argue the merits of an order that does not appear on the face of the notice of appeal," we consider two factors, both of which weigh in favor of considering the preemption claim.  *E.g.*, *Shapiro v. Paradise Valley Unified Sch. Dist.*, 374 F.3d 857, 863 (9th Cir. 2004) (internal quotation marks omitted).  First, Ventress's intent to appeal the district court's order granting JAL's motion for judgment on the pleadings can be fairly inferred from the arguments raised and cases cited in his opening and reply briefs.  *See id.*  Second, after we remanded this case to the district court to consider FAA preemption, JAL fully addressed the preemption issue in the district court and in its answering brief before this court and would not be prejudiced by a decision on the merits.  *See id.*  The concurrence's contrary approach sidesteps the real issue on appeal solely on the basis of a technicality.  *See id.* ("The policy underlying this test is that it would violate the spirit of the Federal Rules of Civil Procedure to avoid a decision on the merits on the basis of mere technicalities." (internal quotation marks omitted)).

preemption "can be inferred either where there is a regulatory framework 'so pervasive . . . that Congress left no room for the States to supplement it' or where the 'federal interest [is] so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.'" *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1023 (9th Cir. 2013) (alteration in original) (quoting *Arizona*, 132 S. Ct. at 2501). "[W]hen an agency administrator promulgates pervasive regulations pursuant to his [or her] Congressional authority, we may infer a preemptive intent unless it appears from the underlying statute or its legislative history that Congress would not have sanctioned the preemption." *Montalvo*, 508 F.3d at 471.

In *Montalvo*, we delineated the preemptive scope of the FAA and observed that "[t]he purpose, history, and language of the FAA lead us to conclude that Congress intended to have a single, uniform system for regulating aviation safety." *Id.* We held that the FAA, together with the federal aviation regulations ("FARs") promulgated by the Federal Aviation Administration (the "agency"), "occupies the entire field of aviation safety" and that Congress "clearly indicated its intent to be the sole regulator" of this field. *Id.* at 473–76; *see also French v. Pan Am Express, Inc.*, 869 F.2d 1, 6–7 (1st Cir. 1989). Applying this principle, we concluded that claims based on the airline crew's failure to warn passengers about blood clots were preempted by the FAA and corresponding regulations. *Montalvo*, 508 F.3d at 469, 472–73.

Two years later in *Martin*, we circumscribed the preemptive effect of the FAA. There, we clarified that "when the agency issues 'pervasive regulations' in an area, like [the] passenger warnings [at issue in *Montalvo*], the FAA preempts all state law claims in *that* area" but that the state standard of

care remains applicable in "areas without pervasive regulations or other grounds for preemption." 555 F.3d at 811. Because the FARs established no requirements for airplane stairs, we held that the state tort claims involving airplane stairs in *Martin* were not preempted by federal law. *Id.* at 812.

Our review of the applicable FARs confirms that pilot qualifications and medical standards for airmen,[5] unlike aircraft stairs, are pervasively regulated. *Id.* at 809 ("Claims regarding . . . pilot qualifications . . . have been declared preempted."). Specifically, the FAA authorizes the agency to issue airman certificates to individuals who are qualified and physically able to perform the duties related to the certified position. *See* 49 U.S.C. § 44702–44703. Absent such a certificate, an individual may not serve as an airman for any civil aircraft. 49 U.S.C. § 44711. Subject to limited exceptions not applicable here, the agency requires an airman to obtain a medical certificate. 14 C.F.R. § 61.3. The agency has delegated the power to deny or issue such medical certificates to the Federal Air Surgeon. 14 C.F.R. § 67.407. The Federal Air Surgeon, in turn, is authorized to conduct medical examinations of medical certificate applicants to determine whether those applicants meet certain medical standards. *Id.* § 67.407(a)(1). The agency has promulgated detailed FARs regarding the issuance of medical certificates for airmen. *See* 14 C.F.R. § 67.1–67.415. Among these are FARs governing medical standards for mental, neurological,

---

[5] An "airman" includes an "individual . . . in command, or as a pilot, mechanic, or member of the crew, who navigates aircraft when under way." 49 U.S.C. § 40102(a)(8). Both Ventress and Captain Bicknell were airmen under the FAA and applicable FARs.

and general medical conditions. *See* 14 C.F.R. § 67.101–67.113; 67.201–67.313.

In light of this statutory and regulatory backdrop, and guided by *Montalvo* and *Martin*, we conclude that the FAA and accompanying FARs preempt Ventress's retaliation and constructive termination claims. This is so for two reasons: the pervasiveness of federal safety regulations for pilots and the congressional goal of a uniform system of aviation safety. To begin, because the FAA and FARs occupy the field of pilot qualifications, including the medical fitness of airmen, federal law forecloses Ventress's state law claims, which are little more than backdoor challenges to JAL's safety-related decisions regarding his and Captain Bicknell's physical and mental fitness to operate civil aircraft. In its Answer, JAL argues that even assuming Ventress were a JAL employee,[6] its actions "were based on legitimate, non-discriminatory business reasons." Consequently, as the district court appropriately found, adjudicating Ventress's whistleblower claims requires "the finder of fact to determine whether JAL had 'a legitimate, nonretaliatory explanation for its acts' or its 'explanation is merely a pretext for retaliation.'" This inquiry into the medical fitness of Ventress and Captain Bicknell intrudes upon the federally occupied field of pilot safety and qualifications that Congress has reserved for the agency and impermissibly subjects federal law to "supplementation by, [and] variation among, state laws." *Montalvo*, 508 F.3d at 468.

In a similar vein, by inviting the factfinder to pass on questions of pilot qualification and medical fitness,

---

[6] JAL disputes that Ventress was its employee but assumes that fact for purposes of its legal argument.

Ventress's state law claims impinge on Congress's goal of ensuring "a single, uniform system for regulating aviation safety." *Id.* at 471; *see also City of Burbank v. Lockheed Air Terminal, Inc.*, 411 U.S. 624, 639 (1973) (noting that "a uniform and exclusive system of federal regulation" is required "if the congressional objectives underlying the [FAA] are to be fulfilled"). Permitting indirect challenges to aviation safety decisions under the guise of state law whistleblower claims interferes with the agency's authority to serve as the principal arbiter of aviation safety. *Montalvo*, 508 F.3d at 472; *Abdullah v. Am. Airlines, Inc.*, 181 F.3d 363, 369 (3d Cir. 1999) ("[The] legislative history reveals that Congress intended the Administrator, on behalf of the Federal Aviation Administration, to exercise sole discretion in regulating air safety. And this is exactly what Congress accomplished through the FAA."). Entertaining such state law claims may also risk creating a fragmented patchwork of aviation safety standards under state law, thereby undermining the legislative goal of ensuring uniformity over aviation safety regulation. *See Montalvo*, 508 F.3d at 473.

In reaching this conclusion, we need not, and do not, suggest that the FAA preempts all retaliation and constructive termination claims brought under California law. Indeed, we recognize that Congress has not occupied the field of employment law in the aviation context and that the FAA does not confer upon the agency the exclusive power to regulate all employment matters involving airmen. Instead, we hold that federal law preempts state law claims that encroach upon, supplement, or alter the federally occupied field of aviation safety and present an obstacle to the

accomplishment of Congress's legislative goal to create a
single, uniform system of regulating that field.[7]

## II. Applicability of the FAA

In a final effort to elude the FAA's preemptive scope,
Ventress argues, as he did in his motion for reconsideration,
that the FAA does not apply to this case because the conduct
giving rise to his claims "did not occur in U.S. airspace."
This assertion is belied by Ventress's pleadings.  The
gravamen of Ventress's complaint is that JAL allegedly
retaliated against him after he voiced safety concerns
regarding Captain Bicknell.  Although the safety concerns
reported by Ventress involved events that took place during
a June 2001 international flight, nothing in Ventress's
complaint suggests that JAL's retaliatory conduct took place
outside of the United States.  To the contrary, in his

---

[7] Seeking to avoid the FAA's preemptive effect, Ventress relies upon the
FAA's savings clause, 49 U.S.C. § 40120(c), and the Third Circuit's
reasoning in *Abdullah v. American Airlines, Inc.*, 181 F.3d 363 (3d Cir.
1999).  Neither source alters our conclusion that his claims are preempted
by federal law.  The FAA's savings clause and *Abdullah* establish that
state law remedies remain available even where federal law preempts state
law standards of aviation safety.  For example, the FAA's savings clause
provides that any "*remedy* under [the statute] is in addition to any other
remedies provided by law."  49 U.S.C. § 40120(c) (emphasis added).
Consonant with the savings clause, *Abdullah* held that even though federal
law preempted state law standards of aviation safety, "traditional state and
territorial law remedies continue to exist for violation of *those standards*."
181 F.3d at 375 (emphasis added).  The difficulty with Ventress's claims,
however, is that he does not identify—much less allege a violation
of—any FAR or other federal aviation safety standard.  As such, even if
state remedies hypothetically remain available to him under the FAA's
savings clause and *Abdullah*, Ventress has failed to allege a cognizable
legal claim under any applicable federal standard.  The district court did
not err in dismissing his claims.

complaint, Ventress alleges his constructive termination occurred in Honolulu, Hawai'i, and he concedes on appeal that the safety warning he gave regarding Captain Bicknell's health—the alleged reason for JAL's unlawful conduct—occurred "in Hawaii." Accordingly, the district court did not abuse its discretion in denying Ventress's motion for reconsideration.[8]

**AFFIRMED.**

BEA, Circuit Judge, concurring in part:

I concur with the majority opinion's affirmance of the district court. However, I write separately because I believe this court need not address the district court's conclusion that the FAA preempts Ventress's state law claims. The district court reached that conclusion in its order granting JAL's motion for judgment on the pleadings. Ventress does not appeal that decision of the district court. Rather, according to

---

[8] Ventress also asserts in passing that the FAA does not apply to "foreign" air carriers like JAL. We decline to address this undeveloped argument, which is not supported by citations to the record, argument, or any legal authority. *See, e.g.*, *Western Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012) ("We will not do an appellant's work for it, either by manufacturing its legal arguments, or by combing the record on its behalf for factual support."); *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."). Although we are sensitive to Ventress's pro se status on appeal and construe his arguments liberally, our leniency is not without limit and does not excuse his utter failure to provide any legal support or argument for this contention.

Ventress's Notice of Appeal, Ventress appeals only the district court's decision denying his motion for reconsideration. I therefore join only Part II of the majority's opinion, which correctly rejects Ventress's arguments that he made in his motion for reconsideration, for the "cardinal principle of judicial restraint" is that "if it is not necessary to decide more, it is necessary not to decide more." *PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment), *cited in Morse v. Frederick*, 551 U.S. 393, 431 (2007) (Breyer, J., concurring in the judgment in part and dissenting in part), *and Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1030 (9th Cir. 2013) (Bea, J., concurring in part and dissenting in part).

I agree with the majority that this Court may consider Ventress's arguments that he made in response to JAL's motion for judgment on the pleadings if (1) Ventress's intent to appeal the district court's order granting JAL judgment on the pleadings can be "fairly inferred" from the arguments raised in his opening brief, and (2) if JAL would not be prejudiced. *See Shapiro*, 374 F.3d at 863; Maj. Op. at 6 n.4. However, I do not believe that Ventress's intent to appeal the district court's order granting judgment on the pleadings can be "fairly inferred" from the arguments raised in Ventress's opening brief. In the sections of Ventress's informal opening brief entitled "4. State the claim or claims you raised at the originating court" and "5. What issues are you raising on appeal?", Ventress failed to mention the arguments he made before the district court at the judgment on the pleadings stage. Instead, Ventress relied on arguments that he made in his motion for reconsideration relating to the more narrow issue of whether the FAA applies to "foreign carriers." Although Ventress did discuss preemption more generally in his section entitled "7. What law supports these issues on

appeal?", Ventress did not reference the district court's order granting JAL judgment on the pleadings, nor did Ventress address the reasoning of that order. In particular, Ventress did not even mention the federal aviation regulations, upon which the district court's judgment on the pleadings placed so much emphasis. As a result, I do not believe that it can be "fairly inferred" that Ventress intended to appeal the district court's order granting judgment on the pleadings.

The American legal system is premised on the adversarial process. Courts "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). Here, a pro se individual filed an informal opening brief which addressed the narrow arguments that he made with respect to the district court's denial of his motion for reconsideration but did not even discuss the complex issue of law addressed in the district court's judgment on the pleadings. Such circumstances present a particularly poor vehicle to address that issue of law. Rather, we should await a properly presented and argued appeal before making a broad pronouncement on preemption.